WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Elizabeth Walters Williams,

Plaintiff,

vs.

Connecticut General Life Insurance, Company; John Hancock Life Insurance Company; Black Corporations, I-X, Inclusive; ABC Companies I-X Inclusive; and John Does I-X, Inclusive,

Defendants.

No. CIV 06-2747 PHX RCB

O R D E R

Currently pending before the court is a motion by defendants Connecticut General Life Insurance Company ("CGLIC") and John Hancock Life Insurance Company ("Hancock")[1] for an "order summarily dismissing Counts One and Two of Plaintiffs' Complaint" for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Mot. (doc. 5) at 1. More specifically, defendants contend that dismissal is proper because count one

[1] CGLIC and Hancock will be collectively referred to throughout as "the defendants."

alleging bad faith and count two alleging breach of contract are "preempted by the exclusive remedial provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, in that they "relate to and arise from an employee benefit plan[.]" Id. at 3. Plaintiff concedes that these two counts "are preempted by ERISA," and thus should be dismissed. Resp. (doc. 9) at 1.

Given that concession, at first glance it might appear that dismissal is appropriate. There is one procedural issue which the court cannot overlook, however. Section 1446(a), which sets forth the procedure for removal, requires that removing defendants file with the district court, among other things, "a copy of all process, *pleadings*, and orders served upon such . . . defendants[.]" 28 U.S.C. § 1446(a) (emphasis added). Attached as exhibits A and B to CGLIC's Notice of Removal[2] are the complaints which form the basis for the present motion. Those complaints were filed in state court on September 5, 2006, and served upon defendants on October 13, 2006. See Doc. 1 at 2, ¶¶ 2-3; exh. A thereto at 1; and exh. B thereto at 1.

In her Response, however, plaintiff specifically refers to an "Amended Complaint" which she filed in State Court "on October 20, 2006[,]" approximately 20 days prior to removal. See Doc. 9 at 1. Thus, it *appears* that the operative complaints here are the amended complaints, which are not before the court. Assuming that defendants have been served with these amended complaints, the failure to attach those complaints to the Notice of Removal is

---

[2] John Hancock joined in CGLIC's notice of removal. Doc. 2.

"merely [a] procedural" defect and "hence correctable[.]" See Cooper v. Washington Mutual Bank, 2003 WL 1563999, at *1 (N.D.Cal. March 19, 2003) (citing Riehl v. National Mutual Insurance Co, 374 F.2d 739 (9th Cir. 1967)).

Nonetheless, if defendants were served with the amended complaints prior to removal, those complaints must be filed with the court in accordance with 28 U.S.C. § 1446(a). Such a filing is necessary because it is the amended complaints to which the court must look to determine whether it has jurisdiction over this removed action. Charnley v. Boeing Company, 2007 WL 1365005, at *1 (W.D. Wash. May 8, 2007) (quoting Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979)) ("'In determining the existence of removal jurisdiction based upon a federal question, [the federal court] must look to the complaint as of the time the removal petition was filed.'") The court must undertake this examination "[e]ven though Plaintiff has not objected to removal by moving to remand, [because] the court 'has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits.'" Id. (quoting Schwarzer, Tashima & Wagstaffe, Fed. Civ. Proc. Before Trial, at 2D-11 ¶ 2:609.5 (citing, in turn, Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004)). The court must first satisfy itself that it has jurisdiction over this removed action because the Supreme Court has rejected the doctrine of "hypothetical jurisdiction." See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998).

For the reasons set forth above, defendants are ORDERED to advise the court within fifteen (15) days of the date of this order

as to whether they were served with the amended complaint prior to removal. If defendants were so served, also within fifteen (15) days of the date hereof, they shall file and serve the amended complaints with the Clerk of the Court as part of this motion to dismiss. On the other hand, if defendants were not served with the amended complaint prior to removal, also within fifteen (15) days of the date hereof, they shall file and serve an affidavit in that regard.[3] In this way, before addressing defendants' motion to dismiss based upon ERISA preemption, the court can assure itself that it is examining the proper complaint to ascertain whether it has removal jurisdiction.

DATED this 26th day of June, 2007.

Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

[3] The court observes that the complaints presently before it contain two paragraphs numbered "5." Normally the court would overlook what appears to be a typographical error, except that in her Response, plaintiff expressly requests that the court not dismiss "the factual allegations in the Amended Complaint that relate to the parties and venue (Paragraphs 1-5)[.]" Resp. (doc. 9) at 1. If plaintiff continues to take this position, and if, as the court suspects, her amended complaint includes the same typographical error, she should correct this error.