WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Elizabeth Walters Williams,    )
                               )
            Plaintiff,         )    No. CIV 06-2747 PHX RCB
                               )
        vs.                    )        O R D E R
                               )
Connecticut General Life       )
Insurance Company; John        )
Hancock Life Insurance         )
Company; Black Corporations    )
I-X, Inclusive; ABC Companies  )
I-X, Inclusive; and John Does  )
I-X, Inclusive,                )
                               )
            Defendants.        )
_____)

　　　　Currently pending before the court is a motion for summary
judgment by defendants Connecticut General Life Insurance Company
and John Hancock Life Insurance Company (doc. 22) and their related
motion to strike plaintiff's statement of facts (doc. 29).  Finding
oral argument unnecessary, the court denies defendants' requests in
that regard.

### *Background*

　　　　When defendants filed their original motion to dismiss, as the

parties are well aware, there was some confusion as to which complaint that motion was directed - the original complaint filed on September 5, 2006, in the Superior Court of Arizona, Maricopa County, Arizona, or the Amended Complaint filed in that same court on October 20, 2006.  See Williams v. Connecticut General Life Ins., Co., 2007 WL 1839710 (D.Ariz. June 26, 2007).  As will be more fully explained below, there is similar confusion surrounding the pending motions.  Some procedural context is necessary to resolve the issue of which is the operative complaint for purposes of the pending defense motions.

When confronted with defendants' initial motion to dismiss, because the record was unclear as to the operative complaint, the court ordered defendants to clarify the state of the record.  Id. at *2.  Defendants did that by filing an affidavit from their counsel averring that prior to removal, on October 17, 2006, they were served with the original complaint.  Affidavit of John C. West (doc. 12) at 2:3-4, ¶ 3.  Attorney West further averred that defendants were not served with the amended complaint, however, until November 17, 2006 - eight days after removal.  See id. at 2, ¶¶ 6 and 7.

After that clarification, to resolve defendants' motion to dismiss, the court looked to the original complaint, attached to their Notice of Removal.  See Doc. 13 at 2.  The court then held "that to the extent [the] original complaint asserts state law claims relating to and arising from an employee benefit plan, those claims are preempted under ERISA."  Id. at 3:17-19.  Shortly thereafter, defendants filed their answer, explicitly stating that they were "answer[ing] the remaining allegations of Plaintiff's

1   *Original Complaint*, which was filed on September 5, 2006." Ans.

2   (doc. 16) at 1 (emphasis added). Similarly, in their "Separate

3   Statement of facts in Support of [their] Motion for Summary

4   Judgment[,]" defendants' cites to the complaint directly correspond

5   to allegations in the original complaint. See, e.g., DSOF (doc.

6   23) at 1, ¶ 1:23-24; and at 2, ¶9. Thus, although defendants

7   recognize that the amended complaint was filed and served, their

8   motions are directed to the original complaint. As more fully

9   discussed below, defendants' reliance upon the original complaint

10  is a fundamental flaw which the court cannot overlook.

11                            ***Discussion***

12  *I.  Summary Judgment Motion*

13       "'It is hornbook law that an amended pleading supersedes the

14  original, the latter being treated thereafter as non-existent

15  . . . . Once amended, the original no longer performs any function

16  as a pleading[.]'" Doe v. Unocal Corp., 27 F.Supp.2d 1174, 1180

17  (C.D.Cal. 1998) (quoting Bullen v. De Bretteville, 239 F.3d 824,

18  833 (9th Cir. 1956)) (other citations omitted), aff'd and adopted

19  on other grounds, 248 F.3d 915 (9th Cir. 2001). Or, more recently,

20  as the First Circuit colorfully pronounced in Connectu LLC v.

21  Zuckerberg, 522 F.3d 82 (1st Cir. 2008), "the earlier complaint is

22  a dead letter and no longer performs any function in the case."

23  Id. at 91 (internal quotation marks and citation omitted). The

24  point of supersedure occurs "when the amended complaint is properly

25  served, *not* when it is filed." Doe, 27 F.Supp.2d at 1180 (footnote

26  omitted) (emphasis added) (citing International Controls Corp. v.

27  Vesco, 556 F.2d 665, 669 (2d Cir. 1977)).

28       For that reason, along with the settled rule that "[i]n

1  determining the existence of removal jurisdiction based upon a

2  federal question, [the federal court] must look to the complaint as

3  of the time the removal petition was filed[,]" <u>Williams</u>, 2007 WL

4  1839710, at *1 (internal quotation marks and citations omitted),

5  when defendants brought their motion to dismiss, the operative

6  pleading was the original complaint.  <u>See Momans v. St. John's</u>

7  <u>Northwestern Military Academy, Inc.</u>, 2000 WL 33976543, at *2

8  (N.D.Ill. April 20, 2000) (in evaluating defendants' fraudulent

9  joinder argument, court looked to the first amended complaint,

10  rather than the second amended complaint, because the latter was

11  filed in state court prior to removal, but not served on defendants

12  until after removal).  In light of the foregoing, because

13  defendants readily admit that they were served with the Amended

14  Complaint on November 17, 2006, at that point, the original

15  complaint became "non-existent."  Necessarily then, the court must

16  deny as moot defendants' summary judgment motion directed at that

17  original complaint.  <u>See Spokane County Legal Services, Inc. v.</u>

18  <u>Legal Services Corporation</u>, 433 F.Supp. 278, 280 (E.D.Wa. 1977)

19  (denying summary judgment motion where issues raised therein were

20  moot in light of amended complaint; <u>accord</u> <u>Lopez v. Metropolitan</u>

21  <u>Government of Nashville</u>, 2008 WL 913085, at *2 (M.D.Tenn. April 1,

22  2008) (declining to consider previously filed dispositive motions

23  where plaintiffs had filed a third amended complaint, which

24  superseded the original complaint).  Indeed, given the filing and

25  service of an amended complaint in this action, any ruling

26  pertaining to the original complaint would be a nullity.  <u>See</u>

27  <u>Miller v. American Export Lines, Inc.</u>, 313 F.2d 218-19 (2d Cir.

28  1963) (grant of summary judgment after service of amended

1 complaint, but before district court was aware of filing of such

2 complaint, was a nullity because that court did not have the

3 amended complaint before it).  Perhaps, at the end of the day,

4 there will be no meaningful distinction between the original and

5 the amended complaint, at least insofar as defendants frame their

6 summary judgment arguments.  The court is not free to speculate in

7 that regard, however.

8 ***II.  Motion to Strike***

9     Likewise, the court denies defendants' motion to strike.

10 First, this motion has been rendered moot by the court's ruling on

11 the related summary judgment motion.  Even if this motion was not

12 moot, LRCiv 7.2(m)(2) precludes it, at least in part.

13     Effective December 1, 2006, LRCiv 7.2 was amended to add

14 subsection (m), specifically addressing "Motions to Strike."  That

15 Rule plainly states in relevant part:

16         An objection to the admission of evidence offered
        in . . . opposition to a motion must be presented
17         in the objecting party's responsive or reply
        memorandum (or, if the underlying motion is a motion
18         for summary judgment, in the party's response to
        another party's separate statement of material facts)
19         and *not in a separate motion to strike* or other
        separate filing.

20

21 LRCiv 7.2(m)(2) emphasis added).  Defendants are moving to strike

22 Plaintiff's Statement of Facts ("PSOF") because allegedly: (1) she

23 has failed to timely make her initial Rule 26 disclosures; (2) the

24 attached exhibits are not properly authenticated; (3) the attached

25 exhibits contain hearsay; and (4) PSOF is irrelevant.  Although

26 LRCiv 7.2(m)(1) allows a motion to strike on the first ground,

27 subsection (2) of that Rule, as just recited, precludes the

28 remaining three bases for this defense motion.

1    The court hereby ORDERS that:

2    (1) the motion by defendants Connecticut General Life

3  Insurance Company and John Hancock Life Insurance Company (doc. 22)

4  is DENIED as moot; and

5    (2) the motion by defendants Connecticut General Life

6  Insurance Company and John Hancock Life Insurance Company (doc. 29)

7  is DENIED as moot.

8    DATED this 9th day of September, 2008.

9

10

11    _____

12    Robert C. Broomfield
      Senior United States District Judge

13

14

15  Copies to counsel of record

16

17

18

19

20

21

22

23

24

25

26

27

28